IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ADRIAN D. MURRAY,　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　Plaintiff,　　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　)
　　v.　　　　　　　　　　　　　)　　　1:12CV214
　　　　　　　　　　　　　　　　)
DR. PERRY DOBYNS,　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　Defendant.　　　　　　　　)

### ORDER, MEMORANDUM OPINION AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter is before the court on several motions: (1) Defendant's motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) (Docket Entry 12); (2) Plaintiff's motion to file exhibits under seal (Docket Entry 16); and (3) Plaintiff's motion to take judicial notice of certain exhibits (Docket Entry 19). For the following reasons, the court grants Plaintiff's motion to file exhibit under seal and denies the motion to take judicial notice. Further, it is recommended Defendant's motion to dismiss be granted and that the action be dismissed.

### I. BACKGROUND

Plaintiff, a prisoner of the State of North Carolina, filed a complaint against Doctor Perry Dobyns ("Defendant Dobyns") and the State of North Carolina pursuant to 42 U.S.C. § 1983.[1] (Docket Entry 2.) Plaintiff utilized a standard form to lodge his complaint, section

---

[1] The electronic docket sheet in this matter indicates that the State of North Carolina was not served and is not a party to this action.

three of which is entitled "Exhaustion of Administrative Remedies." (*Id.* at 2.) In that section, Plaintiff indicates that he filed grievances on October 5, 2011, and January 19, 2012, and that he appealed the grievances, which resulted in decisions that each grievance exceeded the one year time limit. (*Id.*) Plaintiff attached as exhibits to the complaint copies of the two administrative grievances he filed, complaining of actions by Defendant Dobyns on May 23, 2008. (Compl., Ex. 1, 2.) Both grievances were rejected based on the fact that they exceeded the one year time limit for grievances. (*Id.*)

Section V of the Complaint is entitled "Statement of Claim." (*Id.* at 3.) In this section, Plaintiff states:

> May 23, 2008 North Carolina and Dr. Perry Dobyns discontinued a policy mandated, disability based, specializing physician prescribed course of treatment, with no legitimate medical or penological justification, exposing me to disability based discrimination in violation of Title II of Americans with Disabilities Act.

(Compl. at 3.) Plaintiff then goes on to allege various constitutional violations and alleges that Defendants' actions were "motivated by retaliation for [Plaintiff] having filed civil litigation . . . and a grievance regarding not being provided what was prescribed by a specialist physician." (*Id.*) Plaintiff further contends that Defendant Dobyns exhibited "deliberate indifference" to his "serious medical need" and that Defendant Dobyns' actions deprived him of his right of access to the courts. (*Id.* at 3.) Finally, Plaintiff contends that Defendant Dobyns' actions exposed Plaintiff to "cruel and unusual punishment" and "gratuitous infliction of pain." (*Id.*) Plaintiff alleges that as a result of Defendant Dobyns' actions, Plaintiff suffered pain and suffering, exacerbation of kidney problems, weight loss

2

and mental and emotional distress. (*Id.*) Plaintiff seeks compensatory and punitive damages. (*Id.* at 4.)

## II. MOTION TO DISMISS

### A. Standard of Review

Defendants argue that dismissal is appropriate pursuant to Federal Rule of Civil Procedure 12(b)(6). A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (1999). A complaint that does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" must be dismissed. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct." *Id.*; *see also Simmons & United Mortg. & Loan Invest.*, 634 F.3d 754, 768 (4th Cir. 2011) ("On a Rule 12(b)(6) motion, a complaint must be dismissed if it does not allege enough facts to state a claim to relief that is plausible on its face."). *Pro se* complaints are to be liberally construed in assessing sufficiency under the Federal Rules of Civil Procedure. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even under this liberal construction, "generosity is not a fantasy," and the court is not expected to plead a plaintiff's claim for him. *Bender v. Suburban Hosp., Inc.*, 159 F.3d 186, 192 (4th Cir 1998).

A motion to dismiss under Rule 12(b)(6) generally determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

3

However, an affirmative defense (such as failure to exhaust administrative remedies) may be decided on a motion to dismiss where the facts necessary to reach that decision appear on the complaint and the documents attached thereto. *See Goodman v. Pixar, Inc.*, 494 F.23d 458, 464 (4th Cir. 2007) (en banc); *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). Because Plaintiff attached his administrative grievance to the complaint, consideration of Defendant's motion to dismiss pursuant to Rule 12(b)(6) is appropriate.

### B. Exhaustion of Administrative Remedies

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e (a), requires inmates to properly exhaust administrative remedies before filing civil actions challenging the conditions of their confinement. *See Woodford v. Ngo*, 548 U.S. 81, 84 (2006); *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008). The exhaustion requirement applies to "to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). It is well-settled by now that Section 1997e's exhaustion requirement is mandatory. *See Jones v. Bock*, 549 U.S. 199, 211 (2007); *see also Woodford*, 548 U.S. at 90-91 (stating that the PLRA requires "proper exhaustion," which "demands compliance with an agency's deadlines and other critical procedural rules"); *Anderson v. XYZ Correctional Health Servs., Inc.*, 407 F.3d 674, 676-77 (4th Cir. 2005)(citing *Porter*, 534 U.S. at 524).

The North Carolina Department of Corrections ("DOC") has a three-step Administrative Remedy Procedure ("ARP") which governs the filing of grievances in each of

4

its correctional facilities.[2] *See e.g.*, *Moore v. Bennette*, 517 F.3d 717, 721 (4th Cir. 2008); *see also* Administrative Remedy Procedure, Def.'s Br. in Supp. of Mot. to Dismiss, Ex. A, Docket Entry 13-1. The ARP first encourages inmates to attempt informal communication with responsible officials at the facility where the problem arose. ARP § .0301(a). If informal resolution is unsuccessful, the ARP provides that "any aggrieved inmate may submit a written grievance . . . ." *Id.* § .0310(a)(1). If the inmate is not satisfied with the decision reached at the above-described step one of the grievance process, he or she may request relief from the facility head. *Id.* § .0310(b)(1). If the inmate is not satisfied with the decision reached at the above-described step two of the grievance process, he or she may appeal to the secretary of correction through the inmate grievance examiner (IGE). *Id.* § .0310(c)(1). The decision by the IGE or a modification by the secretary of correction shall constitute the final step of the Administrative Remedy Procedure. *Id.* § .0310(c)(6).

A review of the documents attached to Plaintiff's complaint supports the conclusion that he has not exhausted his administrative remedies. That is, the DOC grievance procedure is comprised of three distinct steps. Plaintiff has produced evidence that he engaged in step one of the grievance process. In fact, he submitted two step one grievances, both of which were rejected because they were outside the one-year time limit. When prison officials reject a step one grievance for any reason, including a filing outside of the applicable time limit, an inmate must still file an appeal in order to properly exhaust his administrative remedy. *Booth v. Churner*, 532 U.S. 731, 741 (2001).

---

[2] The court takes judicial notice of this established procedure of the Department of Correction as a matter of public record. Fed. R. Evid. 201(1).

5

Plaintiff indicated on the form complaint that he had appealed the step one rejection of his grievances. However, the grievances themselves do not demonstrate that Plaintiff appealed the rejections beyond step one. Thus, the face of the complaint reveals that Plaintiff has failed to comply with the requirements of the Administrative Remedy Procedure and failed to properly exhaust his administrative remedies prior to filing this suit. *See Jones*, 549 U.S. at 215 (noting that a complaint may be dismissed under Rule 12(b)(6) for failure to exhaust administrative remedies if the "allegations in the complaint suffice to establish that ground.").

In response to Defendant Dobyns' motion to dismiss, however, Plaintiff submitted, as an exhibit to his brief, a step three decision by the Inmate Grievance Resolution Board and contends that this document shows that he fulfilled the exhaustion requirement. (*See* Pl.'s Response, Ex. 6, 7, Docket Entry 15-4, 5.) Generally, extrinsic materials may not be included for consideration on a motion to dismiss pursuant to Rule 12 (b)(6). *See E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011). Accordingly, the documents relied upon by Plaintiff, which were not attached to the complaint, are not properly before this court on a motion to dismiss.

Even if this court were to consider Plaintiff's exhibits, however, the exhibits themselves are insufficient to demonstrate that Plaintiff exhausted his administrative remedies. Exhibit 6 is a faint copy of a step three order, dated July 3, 2008, which does not indicate that it is connected to the step one grievances, filed in 2011 and 2012, that Plaintiff attached to his complaint. This order does not mention Defendant Dobyns, and it states that "staff has adequately addressed this inmate's grievance concerns." While the step three

6

order identifies Plaintiff's complaint as one dealing with his diet and food supplements, there is no indication that it specifically referred to Defendant Dobyns. Additionally, this action was not filed until 2012, three years after the date of the step-three order in Exhibit 6. Exhibit 7 references a grievance filed on May 25, 2009, at Lanesboro Correctional Institution, and again does not refer to Defendant Dobyns. There appears to be no connection between these two exhibits, attached to the motion to dismiss, and the two step-one grievances attached to the complaint. The vague and unspecified allegations in an unconnected grievance are insufficient to satisfy the exhaustion requirements of the PLRA with regard to Defendant Dobyns' treatment of Plaintiff.

Finally, as a defense, Plaintiff argues that exhaustion would have been futile. The court notes that the case cited by Plaintiff in support of his argument, *McCarthy v. Madigan*, 530 U.S. 140 (1992), predates the enactment of the PLRA. Exhaustion is mandatory under the PLRA, even where an inmate claims that exhaustion would be futile. *Reynolds v. Doe*, 431 Fed. App'x 221, at *1 (4th Cir. 2011) (unpublished decision)(citing *Booth*, 532 U.S. at 741 n. 6). As set forth above, it is undisputed that the North Carolina Department of Correction maintains an internal administrative grievance procedure for inmates' complaints about prison life. Because Plaintiff failed to exhaust these administrative remedies against Defendant Dobyns, this court recommends that the action be dismissed for failure to state a claim.

7

Case 1:12-cv-00214-JAB-JLW Document 23 Filed 07/01/13 Page 7 of 10

## III. Plaintiff's Motions

### A. Motion to Take Judicial Notice

On August 22, 2012, Plaintiff filed a motion asking this court to take judicial notice of certain exhibits filed in two pendent cases, *Murray v. Cash*, 1:08-cv-280, filed in this district, and *Murray v. N.C. Dept. of Correction*, TA-20700, filed with the North Carolina Industrial Commission. (Pl.'s Mot. to Take Judicial Notice, Docket Entry 19.) Plaintiff does not specify the purpose of his request, stating only that the exhibits filed in other litigation are "public record" and "integral to Plaintiff's suit." (*Id.*)

Federal Rule of Evidence 201 provides that a court may take judicial notice of facts that are not subject to reasonable dispute because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Plaintiff asks this court to take judicial notice of certain factual exhibits filed in other cases which he contends are related to the issues in this litigation. It is unclear which exact exhibits Plaintiff is referencing and in what context those exhibits were used in the other cases. The court does not have enough "necessary information" to sufficiently determine the accuracy of the exhibits for the purposes of judicial notice. *See* Fed. R. Evid. 201 (b)(2), (c)(2). Thus, the motion to take judicial notice is denied.[3]

---

[3] It is possible that the documents Plaintiff asks this court to take judicial notice of are the same documents he attached to his response to the motion to dismiss. (Docket Entry 15.) As mentioned above, extrinsic materials generally are not considered on a Rule 12(b)(6). In any event, even if this court were to consider the documents attached to Plaintiff's response, the exhibits are too vague and seemingly unrelated to the allegations in the present suit to show that Plaintiff exhausted his administrative remedies.

8

## B. Motion to File Exhibit under Seal

Plaintiff has moved to "file exhibit three page two under seal." (Docket Entry 16.) This exhibit contains medical information which Plaintiff seeks to keep confidential. Defendant has not opposed the motion. Because this exhibit was submitted in connection with a pending matter, it is a "judicial record[] subject to the First Amendment right of access." *Bell v. Shinseki*, No. 1:12CV57, 2013 WL 3157569, at *9 (M.D.N.C. June 20, 2013). Thus, the granting of such a motion is proper "only on the basis of a compelling governmental interest and only if the denial is narrowly tailored to serve that interest." *Id.* (quoting *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988)). Thus, the court must

> [w]eigh the appropriate competing interests under the following procedure: it must give the public notice of the request to seal and a reasonable opportunity to challenge the request; it must consider less drastic alternatives to sealing; and if it decides to seal it must state the reasons (and specific supporting findings) for its decision and the reasons for rejecting alternatives to sealing.

*Va. Dept. of State Police v. Wash. Post*, 386 F.3d 567, 576 (4th Cir. 2004). The pending motion to seal was docketed on July 26, 2012. The public thus has had notice and opportunity to challenge the request. The court has reviewed the exhibit in question which contains information related to Plaintiff's medical tests and conditions. There is minimal public interest in the information, and allowing public access "would have little value in furthering the public oversight of the judicial process." *Bell*, 2013 WL 3157569 at *9. Plaintiff's confidentiality concerns could not be protected by a less drastic alternative. Therefore, the court will grant Plaintiff's motion and the clerk is directed to maintain Docket Entry 16 under seal.

9

## IV. CONCLUSION

For the reasons stated above, Plaintiff's motion to file exhibit under seal (Docket Entry 16) is **GRANTED** and Plaintiff's motion to take judicial notice (Docket Entry 19) is **DENIED**. Further, **IT IS RECOMMENDED** that the court **GRANT** Defendant's motion to dismiss for failure to exhaust administrative remedies (Docket Entry 12.)

                                                  /s/ Joe L. Webster
                                                  Joe L. Webster
                                                  United States Magistrate Judge

Durham, North Carolina
July 1st, 2013